IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

VANESSA COLLEEN LEWIS                                                    PLAINTIFF

vs.                                    Civil No. 4:18-cv-04053

NANCY A. BERRYHILL                                                       DEFENDANT
Acting Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Vanessa Colleen Lewis, ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.   **Background:**

Plaintiff protectively filed her application for DIB on August 8, 2014 and for SSI on September 23, 2015. (Tr. 34). In these applications, Plaintiff alleges being disabled due to anxiety, depression, cognitive issues, fibromyalgia, narcolepsy, cataplexy, and blackouts. (Tr. 287). These applications were denied initially and again upon reconsideration. (Tr. 34). Thereafter, Plaintiff requested an administrative hearing, and that hearing request was granted. (Tr. 163-164).

1

Plaintiff's administrative hearings were held on February 22, 2016 and August 9, 2017. (Tr. 55-98, 99-115). At these hearings, Plaintiff was present and was represented by counsel, Howard Goode. *Id.* Plaintiff, Vocational Expert ("VE") Juanita Grant, Medical Expert Dr. Steven Goldstein and three lay witnesses testified at the hearing. *Id.* At the time of the hearing, Plaintiff was fifty-one (51) years old and had a high school education. (Tr. 61).

Following the hearings, on September 14, 2017, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 34-47). In this decision, the ALJ found the Plaintiff had last met the insured status requirements of the Act on December 31, 2018. (Tr. 36, Finding 1). The ALJ also found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her onset date of April 25, 2014. (Tr. 36, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: fibromyalgia, depression, narcolepsy, and generalized anxiety disorder. (Tr. 36, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 37, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 38-45, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work, except she could only occasionally balance, kneel, crouch, crawl, and climb stairs or ramps; could not climb ladders, ropes, or scaffolds; should avoid dangerous moving machinery, unprotected heights, and work with unexpected loud noises; could maintain attention and concentration sufficiently to perform simple, routine work tasks; and could occasionally interact with coworkers, supervisors, and the public. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 45, Finding 6). The ALJ determined Plaintiff was not capable of performing any of her PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 45-46, Finding 10). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of representative occupations such as information clerk with approximately 981,150 such jobs in the nation and furniture rental clerk with approximately 2,437,610 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from her onset date of April 25, 2014 through her last date of the decision. (Tr. 46, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. (Tr. 245-246). The Appeals Council denied this request for review. (Tr. 1-7). On April 19, 2018, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 18, 19. This case is now ready for decision.

**2.    Applicable Law:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that

3

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred (1) in the weight given to physician opinions and (2) in the assessment of Plaintiff's RFC. ECF No. 18, Pgs. 9-13. In response, Defendant argues the ALJ did not err in any of his findings. ECF No. 19.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966

4

(8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **20th day of March 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE